IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No.: 3:17-cv-192

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT FOR DECLARATORY** |
| IMAAN INTERNATIONAL INC., | ) **JUDGMENT** |
| WILSON TRUCKING CORPORATION | ) |
| d/b/a C.W. WILSON TRUCKING | ) |
| CORPORATION, and KEVIN B. HILL | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby seeks a Declaratory Judgment against Defendants Imaan International, Inc., Wilson Trucking Corporation d/b/a C.W. Wilson Trucking Corporation, and Kevin B. Hill, for purposes of determining a question of actual, immediate controversy between the parties. Nautilus respectfully shows the Court as follows:

## PARTIES

1. Nautilus is a company organized and existing under the laws of the State of Arizona with its principal place of business in Scottsdale, Arizona.

2. Defendant Imaan International Inc. ("Imaan International") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Fredericksburg, Virginia.

3. Defendant Wilson Trucking Corporation d/b/a C.W. Wilson Trucking Corporation ("Wilson Trucking") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Fishersville, Virginia.

4. Defendant Kevin B. Hill ("Mr. Hill") is a citizen and resident of Mecklenburg County, North Carolina.

5. Nautilus issued a Commercial Lines Insurance Policy, policy no. NN658894 (the "Policy"), to Imaan International. A copy of the Policy is attached hereto as **Exhibit A**.

6. On or about January 20, 2017, Wilson Trucking filed a complaint in Mecklenburg County Superior Court alleging damages arising out of the alleged explosion and fire of a certain cargo pallet placed on Wilson Trucking's truck by Imaan International ("*Wilson Trucking* Lawsuit"). A copy of the complaint in the *Wilson Trucking* Lawsuit ("*Wilson Trucking* Complaint") is attached hereto as **Exhibit B.**

7. On or about January 6, 2017, Mr. Hill filed a complaint in Mecklenburg County Superior Court also alleging damages arising out of the alleged explosion and fire of a certain cargo pallet placed on Wilson Trucking's truck by Imaan International ("*Hill* Lawsuit"). A copy of the complaint in the *Hill* Lawsuit ("*Hill* Complaint") is attached hereto as **Exhibit C**.

8. Nautilus retained counsel for Imaan International and is providing Imaan International with a defense in both the *Wilson Trucking* Lawsuit and the *Hill* Lawsuit, subject to a reservation of rights under the Policy.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiff and the Defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees, and costs.

10. Venue is proper in the United States District Court for the Western District of North Carolina, Charlotte Division, because at least one Defendant resides in this District and because the events giving rise to the basis of the Underlying Lawsuit occurred in this District.

## NATURE OF THE CLAIM

11. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, for the purpose of construing and interpreting the terms of an insurance contract and for a determination of the rights and obligations, if any, of the parties arising from the Policy.

12. Nautilus seeks a judgment declaring that the damages alleged in the *Wilson Trucking* Lawsuit and the *Hill* Lawsuit are excluded from coverage based on the Policy's Total Pollution Exclusion and Products-Completed Operations Hazard Exclusion. Nautilus also seeks a judgment declaring that any punitive damages awarded in the *Wilson Trucking* Lawsuit and the *Hill* Lawsuit are excluded from coverage based on the Policy's Punitive or Exemplary Damages Exclusion.

13. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the rights and obligations, if any, of the parties with respect to the Underlying Lawsuit.

14. All conditions precedent to the filing of this action have been performed or have occurred.

## THE POLICY

15. The Policy generally provides commercial general liability ("CGL") coverage to Imaan International, subject to certain terms, conditions, limitations, and exclusions.

16. Coverage A of the Policy's CGL Coverage Form provides that Nautilus "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' . . . caused by an 'occurrence,'" provided that the "bodily injury" or "property damage" "occur[ed] during the policy period." (Ex. A, Form CG 00 01 12 04.)

17. In addition to the above terms, the Policy contains endorsements that alter the terms of the Policy and exclusions that preclude or limit coverage under the Policy.

18. Pursuant to the Total Pollution Exclusion, the Policy excludes coverage for "'[b]odily injury' or 'property damage' which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." (Ex. A, Form L223 (06/07).) "Pollutants" is defined as "any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes, but is not limited to, materials to be recycled, reconditioned or reclaimed." (Ex. A, Form L223 (06/07).)

19. Pursuant to the Products-Completed Operations Hazard Exclusion, the Policy excludes coverage for "'bodily injury' and 'property damage' included within the 'products-completed operations hazard'." (Ex. A, Form CG 21 04 11 85.) "Products-completed operations hazard" means "all 'bodily injury' and 'property damage' occurring away from the premises you own or rent and arising out of . . . 'your work' . . . ." (Ex. A, Form CG 00 01 12 04.) The "products-completed operations hazard" does not apply to "[w]ork that has not been completed or abandoned. However, 'your work' will be deemed completed . . . [w]hen all of the work called for in your contract has been completed." (Ex. A, Form CG 00 01 12 04.) "Your work" is defined as "[w]ork or operations performed by you or on your behalf." (Ex. A, Form CG 00 01 12 04.)

20. The Products-Completed Operations Hazard Exclusion also excludes coverage for claims for "all 'bodily injury' and 'property damage' occurring away from the premises you own or rent and arising out of 'your product' . . . ." (Ex. A, Form CG 00 01 12 04.) The Products-Completed Operations Hazard Exclusion does not apply to "[p]roducts that are still in [the insured's] physical possession. (Ex. A, Form CG 00 01 12 04.) "Your product" is defined as "[a]ny goods or products . . . manufactured, sold, handled, distributed or disposed of" by the insured. (Ex. A, Form CG 00 01 12 04.)

21. Finally, the Policy's Punitive or Exemplary Damages Exclusion provides that "[t]his insurance does not apply to punitive or exemplary damages." (Ex. A, Form L217 (06/07).)

## *WILSON TRUCKING* LAWSUIT

22. According to the *Wilson Trucking* Complaint, on or before July 19, 2016, Global Electronics Recycling, LLC ("GER") shipped used batteries to be recycled to Imaan International. (Ex. B, ¶ 7.)

23. Wilson Trucking alleges that Imaan International contracted with Echo Global Logistics, Inc. ("Echo") to arrange for the shipment of the batteries, who in turn retained Wilson Trucking to transport the batteries from Imaan International's facilities in Virginia to Metal Conversions Technologies' facility in Georgia. (Ex. B, ¶¶ 9-10.)

24. Wilson Trucking alleges that Echo prepared a bill of lading that stated that the cargo of batteries consisted solely of "computer parts" and presented that bill of lading to Wilson Trucking. (Ex B, ¶ 11.)

25. Wilson Trucking alleges that Imaan International prepared a shipping order stating that the cargo of batteries consisted solely of "2 pallets of alkline [sic] batteries." (Ex. B, ¶ 12.)

26. Wilson Trucking alleges that the cargo, consisting of one gaylord and one pallet wrapped in opaque black plastic, was placed on a Wilson Trucking truck and transported to Wilson Trucking's facility in Charlotte, North Carolina. (Ex. B, ¶¶ 13, 15.)

27. Wilson Trucking alleges that the cargo, despite being represented as either "computer parts" or "alkline [sic] batteries" actually consisted of a mixture of alkaline and non-alkaline batteries. (Ex. B, ¶ 14.)

28. Wilson Trucking alleges that on or about July 20, 2016 at approximately 4:00 a.m., as the cargo of batteries sat in a trailer at Wilson Trucking's Charlotte facility, an explosion and fire occurred in the trailer. (Ex. B, ¶ 17.)

29. Wilson Trucking alleges that the batteries were the only competent source for explosion and fire in the trailer. (Ex. B, ¶ 18.)

30. Wilson Trucking further alleges that the failure to properly package the batteries allowed the batteries to come into contact, which allowed arcing, heating, and ignition. (Ex. B, ¶ 18.)

31. As a result of the explosion and fire, Wilson Trucking alleges that it incurred workman compensation expenses, damage to real and personal property, damage to third-party cargo claims, and sustained business income loss. (Ex. B, ¶ 19.)

32. Wilson Trucking brings a claim for "negligent, willful and wanton conduct" against Imaan International for breaching its duty to properly inspect, package and label the contents of the cargo by: misrepresenting the true nature of the cargo, failing to properly package

the cargo, failing to properly inspect the cargo before placing it on a Wilson Trucking truck, failing to properly label the cargo, failing to properly separate the alkaline and non-alkaline batteries, failing to properly inspect and secure the batteries to prevent an explosion, failing to warn Wilson Trucking of the improper labeling and packaging, failing to package the batteries in a safe and workmanlike manner, and was otherwise negligent. (Ex. B, ¶ 22.)

## *HILL* LAWSUIT

33. In the *Hill* Complaint, Mr. Hill alleges that he was an employee of Wilson Trucking and on July 20, 2016, at approximately 4:00 a.m., he was injured while performing his duties as a dock foreman when an explosion and fire occurred. (Ex. C, ¶ 10.)

34. Mr. Hill alleges that the fire was caused by the ignition and explosion of alkaline and non-alkaline batteries, which, in turn, was caused by the improper packaging, labeling, and storage of alkaline and non-alkaline batteries. (Ex. C, ¶¶ 11, 13.)

35. Mr. Hill alleges that the batteries were improperly labeled as "computer parts" and wrapped in opaque black plastic such that Wilson Trucking was unaware of its contents when it picked up the pallet of batteries from Imaan International. (Ex. C, ¶¶ 14-15.[1])

36. Mr. Hill further alleges that the alkaline and non-alkaline batteries were the only source of ignition and combustion in the trailer from which the explosion and fire originated. (Ex. C, ¶ 16.[2])

37. As a result of the explosion and fire, Mr. Hill alleges that he received massive, painful, and permanent burns and has suffered and will continue to suffer medical expenses, lost

---

[1] Mr. Hill's complaint contains two paragraphs that are numbered "15." This citation includes both paragraphs.
[2] Mr. Hill's complaint contains two paragraphs that are numbered "16." This citation is to the first of the two paragraphs.

wages/future income, loss of use of his body, scaring and disfigurement, disability, loss of earning potential, and pain and suffering. (Ex. C, ¶ 16.[3])

38. Mr. Hill brings a claim for "negligent and wanton conduct" against Imaan International for breaching its duty to properly and safely package and label its shipments by negligently and wantonly designing, manufacturing, producing, advertising, selling, and supplying the pallet of alkaline and non-alkaline batteries. Specifically, Mr. Hill alleges that Imaan International acted negligently and wantonly by improperly and negligently: storing and labeling the batteries, supplying the batteries in a manner that violated industry standards and procedures, supplying the pallet of batteries in a manner that violated industry standards and procedures when it knew that improperly stored alkaline and non-alkaline batteries were a fire and explosion hazard, misrepresenting the batteries as computer parts, and failing to provide adequate and appropriate warnings, labels, and instructions with regard to the cargo of batteries. (Ex. C, ¶¶ 19-21.)

## COUNT I – DECLARATORY RELIEF

39. Nautilus adopts and incorporates by reference all allegations contained in Paragraphs 1 through 38 as though completely and fully set forth herein.

40. Nautilus, pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202, seeks a judicial declaration of its rights and duties to Imaan International under the Policy with respect to the Underlying Lawsuit. Such a declaration will confer certain on the parties with respect to their rights and obligations under the Policy and therefore will serve the interest of justice.

---

[3] Mr. Hill's complaint contains two paragraphs that are numbered "16." This citation is to the second of the two paragraphs.

41. Nautilus has no duty to defend any party in connection with the *Wilson Trucking* Lawsuit or *Hill* Lawsuit or pay any sums that Imaan International may be legally obligated to pay Wilson Trucking or Mr. Hill under the Policy, pursuant to the Policy's Total Pollution Exclusion.

42. The claims and alleged damages that are the subject of the *Wilson Trucking* Lawsuit and *Hill* Lawsuit are precluded from coverage based on the Policy's Total Pollution Exclusion.

43. In addition to the foregoing policy provisions, Nautilus pleads all other conditions, terms, warranties, limits, definitions, and exclusions of its Policy, which also may be found applicable, and Nautilus reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available

44. Based on the foregoing, Nautilus seeks a declaration that it does not have a duty to defend and/or indemnify Imaan International under the Policy for the claims and alleged damages that are subject of the *Wilson Trucking* Lawsuit and *Hill* Lawsuit, pursuant to the Policy's Total Pollution Exclusion.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) enter a declaratory judgment declaring that Plaintiff, Nautilus, has no duty to defend Defendant Imaan International against claims asserted against Imaan International in the *Wilson Trucking* Lawsuit and *Hill* Lawsuit, pursuant to the Policy's Total Pollution Exclusion;

(b) enter a declaratory judgment declaring that Plaintiff, Nautilus, has no duty to indemnify Defendant Imaan International for the claims asserted against Imaan

International in the *Wilson Trucking* Lawsuit and *Hill* Lawsuit, pursuant to the Policy's Total Pollution Exclusion;

(c) award Plaintiff, Nautilus, the cost of the action; and

(d) award any other relief the Court deems just and proper.

## COUNT II – DECLARATORY RELIEF

45. Nautilus adopts and incorporates by reference all allegations contained in Paragraphs 1 through 38 as though completely and fully set forth herein.

46. Nautilus, pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202, seeks a judicial declaration of its rights and duties to Imaan International under the Policy with respect to the Underlying Lawsuit. Such a declaration will confer certain on the parties with respect to their rights and obligations under the Policy and therefore will serve the interest of justice.

47. Nautilus has no duty to defend any party in connection with the *Wilson Trucking* Lawsuit or *Hill* Lawsuit or pay any sums that Imaan International may be legally obligated to pay Wilson Trucking or Mr. Hill under the Policy, pursuant to the Policy's Products-Completed Operations Hazard Exclusion.

48. The claims and alleged damages that are the subject of the *Wilson Trucking* Lawsuit and *Hill* Lawsuit are precluded from coverage based on the Policy's Products-Completed Operations Hazard Exclusion.

49. In addition to the foregoing policy provisions, Nautilus pleads all other conditions, terms, warranties, limits, definitions, and exclusions of its Policy, which also may be found applicable, and Nautilus reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available

50. Based on the foregoing, Nautilus seeks a declaration that it does not have a duty to defend and/or indemnify Imaan International under the Policy for the claims and alleged damages that are subject of the *Wilson Trucking* Lawsuit and *Hill* Lawsuit, pursuant to the Policy's Products-Completed Operations Hazard Exclusion.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) enter a declaratory judgment declaring that Plaintiff, Nautilus, has no duty to defend Defendant Imaan International against claims asserted against Imaan International in the *Wilson Trucking* Lawsuit and *Hill* Lawsuit, pursuant to the Policy's Products-Completed Operations Hazard Exclusion;

(b) enter a declaratory judgment declaring that Plaintiff, Nautilus, has no duty to indemnify Defendant Imaan International for the claims asserted against Imaan International in the *Wilson Trucking* Lawsuit and *Hill* Lawsuit, pursuant to the Policy's Products-Completed Operations Hazard Exclusion;

(c) award Plaintiff, Nautilus, the cost of the action; and

(d) award any other relief the Court deems just and proper.

## COUNT III – DECLARATORY RELIEF

51. Nautilus adopts and incorporates by reference all allegations contained in Paragraphs 1 through 38 as though completely and fully set forth herein.

52. Nautilus, pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202, seeks a judicial declaration of its rights and duties to Imaan International under the Policy with respect to the Underlying Lawsuit. Such a declaration will confer certain on the parties with respect to their rights and obligations under the Policy and therefore will serve the interest of justice.

53. Nautilus has no duty to pay any punitive damages that Imaan International may be legally obligated to pay Wilson Trucking or Mr. Hill under the Policy, pursuant to the Policy's Punitive or Exemplary Damages Exclusion.

54. Any punitive damages that may be awarded against Imaan International in the *Wilson Trucking* Lawsuit and *Hill* Lawsuit are precluded from coverage based on the Policy's Punitive or Exemplary Damages Exclusion.

55. In addition to the foregoing policy provisions, Nautilus pleads all other conditions, terms, warranties, limits, definitions, and exclusions of its Policy, which also may be found applicable, and Nautilus reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available

56. Based on the foregoing, Nautilus seeks a declaration that it does not have a duty to indemnify Imaan International under the Policy for any punitive damages awarded in the *Wilson Trucking* Lawsuit and *Hill* Lawsuit, pursuant to the Policy's Punitive or Exemplary Damages Exclusion.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) enter a declaratory judgment declaring that Plaintiff, Nautilus, has no duty to indemnify Imaan International under the Policy for any punitive damages awarded in the *Wilson Trucking* Lawsuit and *Hill* Lawsuit, pursuant to the Policy's Punitive or Exemplary Damages Exclusion;

(b) award Plaintiff, Nautilus, the cost of the action; and

(c) award any other relief the Court deems just and proper.

Respectfully submitted this the 11th day of April 2017.

                                    PHELPS DUNBAR, LLP

                                    <u>/s/ William R. Hartzell</u>
                                    Robert M. Kennedy, Jr., NC Bar #36865
                                    robert.kennedy@phelps.com
                                    William R. Hartzell, NC Bar #50762
                                    william.hartzell@phelps.com
                                    GlenLake One
                                    4140 ParkLake Avenue, Suite 100
                                    Raleigh, North Carolina 27612-3723
                                    Telephone:    919-789-5300
                                    Facsimile:    919-789-5301
                                    *Attorneys for Plaintiff Nautilus Insurance Company*